UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-107-RJC
(3:08-cr-37-RJC)

| DEANGELO HANDY | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence and Terminate Supervised Release under 28 U.S.C. § 2255, or Alternatively for Relief under 28 U.S.C. § 2241, or Alternatively for Writ of Coram Nobis, (Doc. No. 1), and the Government's Responses, (Doc. Nos. 4, 5). For the reasons that follow, Petitioner's claims for relief will be denied.

I. BACKGROUND

On February 27, 2008, a federal grand jury indicted Petitioner for possessing a firearm after being convicted of a crime punishable for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). (Case No. 3:08-cr-37, Doc. No. 1). Petitioner pled guilty before a magistrate judge without the benefit of a plea agreement. (Id., Doc. No. 10: Acceptance and Entry of Guilty Plea). This Court sentenced Petitioner to thirty-six months' imprisonment followed by three years' supervised release and entered judgment on December 31, 2008. (Id., Doc. No. 15: Judgment). Petitioner did not appeal his conviction or sentence.

He was released from confinement and began his term of supervised release on September 22, 2010. (Id., Doc. No. 21: Request for Modification of Supervised Release).[1] On May 3, 2011, a magistrate judge approved the issuance of a warrant for Petitioner's arrest based on alleged violations of his supervised release conditions. (Id., Doc. No. 22). The Court sentenced Petitioner to six months' imprisonment and two years' supervised release after a hearing on September 13, 2011. (Id., Doc. No. 29: Revocation Judgment)

On January 6, 2012, a magistrate judge approved the issuance of another arrest warrant based on new alleged violations of Petitioner's release conditions, including drug use, missed drug tests and treatment appointments, and failure to disclose to his probation officer where he was staying. (Id., Doc. No. 31: Petition). After the Court scheduled a final supervised release hearing, Petitioner filed the instant § 2255 motion on February 6, 2012, claiming he is not a felon under § 922(g)(1) in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because his predicate convictions for larceny of a vehicle and attempted common law robbery did not expose him to more than one years' imprisonment. (Doc No. 1 at 2-3). The Government conceded Petitioner is actually innocent of the § 922(g)(1) offense, but asserted his motion was untimely under § 2255. (Doc. No. 4: Response at 1). The Government later filed an Amended Response waiving its statute-of-limitations defense. (Doc. No. 5 at 1).

On May 24, 2012, the Court found Petitioner in violation of the conditions of his supervised released and sentenced him to five months' imprisonment and two years' supervised release. (Case No. 3:08-cr-37, Doc. No. 41: Revocation Judgment). Petitioner appealed that decision, (Id., Doc. No. 42: Notice of Appeal), but the United States Court of Appeals for the

---

[1] Petitioner's conditions were modified, with his consent, on November 29, 2010, following his arrest for new criminal offenses, testing positive for drug use, and failing to appear for drug tests. (Doc. No. 21: Order).

Fourth Circuit held the appeal in abeyance pending resolution of the instant motion to vacate. (Id., Doc. No. 48: Order).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Relief under 28 U.S.C. § 2255

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, Petitioner's original criminal judgment became final for purposes of the statute of limitations on or about January 15, 2009, when the time period for filing a direct appeal expired. Fed. R. App. P. 4(b)(1)(A)(i)(2008); Clay v. United States, 537 U.S. 522, 527 (2003). As noted above, the instant § 2255 motion was not filed until on February 6, 2012, over three years after the judgment became final. Additionally, as detailed below, no right has been newly recognized by the Supreme Court that has been made retroactively applicable to cases on collateral review. Finally, Petitioner is not entitled to equitable tolling because he does not present a meritorious claim for relief. Therefore, the motion is untimely.

However, the Government's Amended Response notes "the Department of Justice has determined that, in this category of cases, in the interests of justice, the government will waive reliance on the statute-of-limitations defense." (Doc. No. 5 at 1). The Government asserts that under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), Petitioner was erroneously convicted of being a felon-in-possession of a firearm; therefore, the Government requests that the Court vacate the judgment. (Id. at 2).

Although Petitioner has been released from custody, he remains on supervised release and stands convicted of a federal felony. These continuing consequences satisfy the "case or controversy requirement" of Article III, § 2, of the Constitution. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (former prisoner must show "concrete and continuing injury" to maintain habeas action following release from confinement). For this reason, and, in light of the Government's waiver of the statute-of-limitations defense, the Court may consider the merits of Petitioner's claim.

In Simmons, the Fourth Circuit en banc held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. That decision resulted from the court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. In Simmons, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Subsequently the Fourth Circuit found that the Supreme Court's decision in Carachuri announced a procedural rule not applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). The Fourth Circuit went on to rule that Simmons does not apply to cases on collateral review. In United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. Nov. 7, 2012) (unpublished), the court explained that a "claim for retroactive application of the Supreme Court's opinion in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and our opinion in United States v. Simmons, 649 F.3d 237, 241-45 (4th Cir. 2011) (en banc), fails in light of our recent opinion in United States v. Powell, 691 F.3d 554 (4th Cir. 2012)." See also United States v. Brown, No. 12-7713, 2012 WL 6604898, at *1 (4th Cir. Dec. 12, 2012) (unpublished) (rejecting claim that prior state conviction no longer qualified as a

5

felony because Simmons is not retroactively applicable to cases on collateral review).

The Fourth Circuit has recently and repeatedly said Simmons is not retroactive. This inferior Court cannot say that it is. Petitioner is not eligible for relief under § 2255.

B.     Relief under 28 U.S.C. § 2241

The savings clause in § 2255(e) provides a petitioner the opportunity to pursue habeas relief under § 2241 if it appears that the remedy allowed in a § 2255 proceeding is inadequate or ineffective to test the legality of the person's conviction. Petitioner has presented his claim in his § 2255 motion and is not entitled to relief on the merits. However, that does not render his § 2255 proceeding "ineffective" such that he may now pursue relief under § 2241. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." (citations omitted)). Therefore, Petitioner is not entitled to relief under § 2241 because he has had the opportunity to test the legality of his sentence under § 2255.

C.     Writ of Coram Nobis

Relief under a theory of *coram nobis* was traditionally available only to raise factual errors affecting the validity and regularity of the underlying proceeding itself, such as a defendant's being under age or deceased. Carlisle v. United States, 517 U.S. 416, 429 (1996). Although the All Writs Act provides residual authority for courts to issue writs not otherwise addressed by statute, such authority ends where a statute controls. Id. Thus, the Fourth Circuit found that the writ was properly granted "in light of a retroactive dispositive change in the law of mail fraud" where petitioners had already served their sentences and had no other remedy

6

available. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988) (vacating convictions in wake of McNally v. United States, 483 U.S. 350 (1987)).

Petitioner was lawfully sentenced under then-existing law, and subsequent decisions in Carachuri and Simmons have not been made retroactive. Therefore, Petitioner is not entitled to *coram nobis* relief because no retroactive change in the law has rendered the prior proceedings invalid, and he has had the opportunity to seek a remedy under § 2255.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court **ISSUES** a certificate of appealability as reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See United States v. Powell, 691 F.3d 554, 560, 564 (4th Cir. 2012) (King, J., dissenting in part) (strongly disagreeing with majority's analysis finding Carachuri to announce a procedural rule in all cases); Miller El v. Cockrell, 537 U.S. 322, 336 38 (2003)(defining standard for issuing certificate of appealability).

Signed: June 10, 2013

Robert J. Conrad, Jr.
United States District Judge